**KLAFTER OLSEN & LESSER LLP**
Seth R. Lesser
Fran L. Rudich
Two International Drive, Suite 350
Rye Brook, NY 10573
(914) 934-9200
-and-
132 Haddon Avenue
Haddonfield, NJ 08033
(856) 857-1127
slesser@klafterolsen.com
frudich@klafterolseon.com

**LITE DEPALMA GREENBERG, LLC**
Joseph J. DePalma
Mayra V. Tarantino
Two Gateway Center, 12 Floor
Newark, NJ  07102
(973) 623-3000
jdepalma@litedepalma.com
mtarantino@litedepalma.com

[Additional Counsel Listed On Signature Page]

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____X

AMRO HEGAB, Individually and on Behalf　　:
of All Other Persons Similarly Situated,　　:　　Civil Action No.:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Plaintiff,　　　　　:
　　　　　　　　　　　　　　　　　　　　:　　**COMPLAINT AND**
　　　　　-against-　　　　　　　　　　　:　　**JURY DEMAND**
　　　　　　　　　　　　　　　　　　　　:
FAMILY DOLLAR STORES, INC.,　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Defendant.　　　　:
_____X

　　　1.　　　Plaintiff Amro Hegab ("Plaintiff") complains, pursuant to Fed. R. Civ. P. 23, on

behalf of himself and a class of other similarly situated current and former Store Managers

1

employed within the State of New Jersey by Defendant Family Dollar Stores, Inc. ("Defendant"), that he and the proposed class are entitled to back wages from Defendant for all hours worked by them, as well as for overtime work for which they did not receive overtime premium pay, as required by the New Jersey State Wage and Hour Law, N.J.S.A. §§ 34:11-56a, *et seq*. ("NJWHL").

## THE PARTIES

2.      Plaintiff was, at all relevant times to the claims in this action, an adult individual residing at 382 William Street, Piscataway, New Jersey 08854.

3.      Plaintiff was employed in various locations in New Jersey by Defendant from in or about September 2007 until in or about April 2010 as a store manager.

4.      While employed as a store manager, Plaintiff regularly worked in excess of forty (40) hours per workweek, without receiving overtime compensation as required by state law.

5.      Defendant Family Dollar Stores, Inc., is a Delaware corporation, with a principal place of business at 10401 Monroe Road, Matthews, North Carolina 28105, and operates retail stores throughout the United States, including many such stores in the State of New Jersey. According to Defendant's own website and financial statements, it owns and operates approximately 6,800 retail stores in the United States, including 85 in the State of New Jersey. Defendant was and is doing business in New Jersey.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act ("CAFA").  The case is a class action, the parties are diverse and the amount in controversy exceeds $5,000,000 exclusive of interest and costs.  At least one member of the proposed class is a citizen of a state different from that of Defendant.

7.      Plaintiff's claims involve matters of national or interstate interest.

8.      Defendant is subject to personal jurisdiction in New Jersey.

9.      Venue is proper in this district pursuant to 28 U.S.C. §1391(a) and (c) inasmuch as a substantial part of the events or omissions giving rise to the claims occurred in this District.

10.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## CLASS ALLEGATIONS

11.     Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

12.     Plaintiff brings his NJWHL claims on behalf of all persons who were employed by Defendant at any time since March 3, 2009, in the State of New Jersey, to the entry of judgment in this case (the "Class Period"), who were employed by Defendant as store managers and/or other comparable positions with different titles, who were non-exempt employees within the meaning of the NJWHL and who have not been paid for all hours worked by them as well as overtime wages in violation of the NJWHL (the "Class").

13.     The persons in the Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are at least 300 members of Class during the Class Period.

14.     The claims of Plaintiff are typical of the claims of the Class and a class action is superior to other available methods for the fair and efficient adjudication of the controversy particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a defendant.

15.     There are questions of law and fact common to the Class, which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a.  whether Defendant employed the members of the Class within the meaning of the NJWHL;

b.  what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

c.  whether Defendant failed and/or refused to pay the members of the Class premium pay for hours worked in excess of forty hours per workweek within the meaning of the NJWHL;

d.  whether Defendant misclassified Plaintiff and the Class as exempt under the relevant provisions of the NJWHL;

e.  whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

f.  whether Defendant should be enjoined from such violations of the NJWHL in the future.

16.     Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

17.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

18.     Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

4

## STATEMENT OF FACTS

19.     At all relevant times, Plaintiff and the Class were employed by Defendant as Store Managers and/or other comparable positions with different titles.

20.     Plaintiff's work was performed for the benefit of Defendant, in the normal course of the Defendant's business and was integrated into the business of the Defendant.

21.     The work performed by Plaintiff required little skill and no capital investment; his duties did not include managerial responsibilities or the exercise of independent judgment. Rather, it involved many insignificant duties and duties identical to most non-exempt, hourly associates, non-exempt hourly cashiers and non-exempt hourly stock clerks.

22.     Defendant has improperly labeled persons employed in the position of "manager" in their New Jersey state Family Dollar store locations as being exempt from overtime pay requirements under state law.  However, persons employed in the position of "manager" during the statutory period, have performed few or no "managerial" duties.  Instead, their primary job duties involve stocking and organizing shelves, running the cash registers, unloading trucks, cleaning the floors including sweeping and mopping, cleaning and mopping the bathrooms, removing trash and sweeping the sidewalks in front of the store, emptying trash bins, unpacking boxes of merchandise, wiping down counters, cleaning and wiping down shelves, merchandising pack outs, performing recovery, returns and tagging of clothing, checking product expirations, breaking down empty cartons, arranging store aisles in accordance with pre-determined corporate issued "planograms," "schematics" and "end caps," unloading trucks,  stocking shelves, and performing other non-managerial duties.  In sum, the job duties of Plaintiff and the other similarly situated employees of the Class did not require them to customarily or regularly exercise discretionary powers.

5

23.     Defendant schedules managers, including Plaintiff, to work in excess of forty (40) hours per week in order to accomplish the plethora of standardized tasks that it mandates persons employed in these positions to complete.  However, Defendant failed, and continues to fail, to properly compensate such employees, including Plaintiff, for overtime wages for hours worked in excess of forty (40) per week.  Plaintiff regularly worked in excess of 60 hour work weeks, six days per week.

24.     Plaintiff spent well over 20% of his working hours performing non-exempt tasks. Under N.J. Admin. Code §§ 12.56-7.1, 7.2, and 7.3, NJWHL's white collar exemptions to the overtime requirements do not apply if a worker spends over 20% of his/her working hours performing non-exempt tasks.

25.     Plaintiff worked in excess of 40 hours a week, yet Defendant willfully failed to pay him for all hours worked, as well as failed to pay overtime compensation of one and one-half times his regular hourly rate in violation of the NJWHL.

26.     It is Defendant's uniform policy and procedure not to pay overtime compensation to Plaintiff and the other similarly situated employees of the Class.

27.     Both prior to and during the Class Period, and continuing until today, Defendant has also employed other individuals (the Class), like Plaintiff, in "Store Manager" positions that required little skill and no capital investment and their duties and responsibilities did not include any managerial responsibilities or the exercise of independent judgment.

28.      Such individuals have worked in excess of 40 hours a week, yet Defendant has likewise willfully failed to pay them for all hours worked by them as well as overtime compensation of one and one-half times their regular hourly rate in violation of NJWHL.  As stated, the exact number of such individuals is presently unknown, but can be easily ascertained

through appropriate discovery.

29.     Throughout all relevant time periods, including during the course of Plaintiff's own employment, Defendant failed to maintain accurate and sufficient time records.

30.     Upon information and belief, throughout all relevant time periods, including during the course of Plaintiff's own employment, Defendant failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by NJWHL.

**CLAIM FOR RELIEF:**
**NEW JERSEY STATE WAGE AND HOUR LAW**

31.     Plaintiff, on behalf of himself and the members of the Class, re-allege and incorporate by reference paragraphs 1 through 30 as if they were set forth again herein.

32.     At all relevant times, Plaintiff and the members of the Class were employed by Defendant within the meaning of the NJWHL.

33.     Defendant willfully violated Plaintiff's rights and the rights of the Class, by failing to pay them for all hours worked, as well as for overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek in violation of the NJWHL.

34.      Defendant's NJWHL violations have caused Plaintiff and the Class irreparable harm for which there is no adequate remedy at law.

35.     Due to Defendant's NJWHL violations, Plaintiff and the Class are entitled to recover from Defendant their unpaid wages for all hours worked, overtime compensation, damages and/or interest for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to NJWHL.

## PRAYER FOR RELIEF

Wherefore, Plaintiff on behalf of himself and all other similarly situated members of the Class, respectfully request that this Court grant the following relief:

a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

b. A declaratory judgment that the practices complained of herein are unlawful under the NJWHL;

c. An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d. An award of unpaid wages for all hours worked as well as overtime compensation due under the NJWHL;

e. An award of prejudgment and post-judgment interest;

f.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

g.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by

jury on all questions of fact raised by the Complaint.

Dated: March 3, 2011         **KLAFTER OLSEN & LESSER LLP**


By:    /s/ Seth R. Lesser
        Seth R. Lesser
        Fran L. Rudich
Two International Drive, Suite 350
Rye Brook, NY 10573
(914) 934-9200
slesser@klafterolsen.com
frudich@klafterolseon.com

**LITE DEPALMA GREENBERG, LLC**
Joseph J. DePalma
Mayra V. Tarantino
Two Gateway Center, 12 Floor
Newark, NJ  07102
(973) 623-3000
jdepalma@litedepalma.com
mtarantino@litedepalma.com

**HEPWORTH, GERSHBAUM & ROTH, PLLC**
Marc S. Hepworth*
David A. Roth*
Charles Gershbaum*
192 Lexington Avenue, Suite 802
New York, New York 10016
(212) 545-1199
Marc@HGRlawyers.com

**KHORRAMI POLLARD & ABIR LLP**
Robert J. Drexler, Jr.*
444 S. Flower St., Thirty-Third Floor
Los Angeles, California 90071
(213) 596-6000
rdrexler@kpalawyers.com

*to be admitted pro hac vice*

*Attorneys for Plaintiff*

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Plaintiff, by his attorneys, hereby certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding, except that the claims herein, either explicitly or as part of parallel state law claims, may have been asserted in cases now pending in *In re Family Dollar FLSA Litigation,* MDL Docket No. 3:08-MD-1932 (W.D.N.C.), which MDL proceeding involves cases asserting claims brought under federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, which this case does not plead.

I hereby certify that the foregoing statement made by me is true.  I am aware that if the foregoing statement made by me is willfully false, I am subject to punishment.

Dated: March 3, 2011                **KLAFTER OLSEN & LESSER LLP**


By:  __/s/ Seth R. Lesser_____
        Seth R. Lesser
        Fran L. Rudich
Two International Drive, Suite 350
Rye Brook, NY 10573
(914) 934-9200
-and-
132 Haddon Avenue
Haddonfield, NJ 08033
(856) 857-1127
slesser@klafterolsen.com
frudich@klafterolseon.com

**LITE DEPALMA GREENBERG, LLC**
Joseph J. DePalma
Mayra V. Tarantino
Two Gateway Center, 12 Floor
Newark, NJ  07102
(973) 623-3000
jdepalma@litedepalma.com
mtarantino@litedepalma.com

1

**HEPWORTH, GERSHBAUM & ROTH, PLLC**
Marc S. Hepworth, Esq.*
David A. Roth, Esq.*
Charles Gershbaum, Esq.*
192 Lexington Avenue, Suite 802
New York, New York 10016
(212) 545-1199
marc@hgrlawyers.com

**KHORRAMI POLLARD & ABIR LLP**
Robert J. Drexler, Jr. Esq.*
Shawn Khorrami*
444 S. Flower St., Thirty-Third Floor
Los Angeles, California 90071
(213) 596-6000
rdrexler@kpalawyers.com

*\* to be admitted pro hac vice*

*Attorneys for Plaintiff*